**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA**

```
IN RE: WASHINGTON GROUP          )    3:10-cv-00785-ECR-RAM
INTERNATIONAL, INC., et al.,     )
_____)    BAP No. NV-10-1481
                                 )
GROUND IMPROVEMENT TECHNIQUES,   )
INC.,                            )
                                 )
     Appellant,                  )
                                 )
vs.                              )    Order
                                 )
THE PLAN COMMITTEE, et al.,      )
                                 )
     Appellees.                  )
                                 )
_____)
```

Now pending is a Motion to Stay (#40) our previous Order (#30) and the judgment (#31) entered in this case.

## I. Background

On September 29, 2011, this Court reversed (#30) the bankruptcy court and ruled that Appellant Ground Improvement Techniques, Inc. ("GIT") may collect post-petition interest from the U.S. Department of Energy ("DOE") on its claim based on a subcontract to a federal government contract with the DOE (the "9/29/11 Order"). On October 13, 2011, the Plan Committee filed a Notice of Appeal (#32) to the Ninth Circuit.

On August 24, 2011, MK-Ferguson Company, "for the use and benefit of GIT," submitted a "Court Ordered Certified Claim for $9,842,711.83" (the "MK-Ferguson Claim") to the DOE contracting

1  officer.  (Decl. Laura E. Appleby ("Appleby Decl.") at Ex. 1 (#41).)
2  The MK-Ferguson Claim was submitted before the Court's 9/29/11 Order
3  (#30) reversing the bankruptcy court's ruling that GIT is barred
4  from collecting post-petition interest from the non-debtor DOE.  The
5  MK-Ferguson Claim sought full payment and satisfaction of the
6  principal judgment liability of MK-Ferguson pursuant to the judgment
7  entered for GIT against MK-Ferguson, but excluded post-judgment
8  interest.  (Id.) According to the Plan Committee, the DOE
9  contracting officer did not respond, and the MK-Ferguson Claim has
10 been deemed to be denied.
11     On January 30, 2012, GIT, in the name of MK-Ferguson, filed an
12 action against the U.S. Government in the United States Court of
13 Federal Claims, asserting a pass-through claim and seeking
14 $9,842,711.83, plus all applicable interest, costs, and fees.
15 (Appleby Decl. Ex. 2 (#41).)
16     On February 29, 2012, the Plan Committee filed a Motion to Stay
17 (#40) this Court's Order and Judgment (##30, 31).  On March 7, 2012,
18 GIT filed its opposition (#42).  On March 12, 2012, the Plan
19 Committee filed its reply (#43).
20
21                        **II. Legal Standard**
22     To determine whether to issue a stay pending appeal, we
23 consider whether the moving party has shown (1) likelihood of
24 success on the merits; (2) likelihood of irreparable harm minus a
25 stay; (3) that the balance of equities favors a stay; and (4) that a
26 stay is in the public interest.  See Humane Soc. of U.S. v.
27 Gutierrez, 558 F.3d 896, 896 (9th Cir. 2009).
28

2

## III. Discussion

**A. Likelihood of Success on the Merits**

The Plan Committee argues that its appeal of our Order (#30) is likely to succeed because this Court erred in holding that the bankruptcy court improperly applied 11 U.S.C. § 502(b)(2) in prohibiting GIT from collecting post-petition interest from the non-debtor DOE.  The Plan Committee raises issues of sovereign immunity and the impropriety of this Court reconsidering its decision in <u>Hathaway v. Raytheon Engineers & Constructors, Inc. (In re Washington Group International Inc.</u>, 432 B.R. 282 (D. Nev. 2010) while <u>Hathaway</u> is on appeal.

This Court's 9/29/11 Order (#30) thoroughly covered the reasons the Court reversed the bankruptcy court's interpretation of 11 U.S.C. § 502(b)(2).  We do not, however, exclude the possibility that the Ninth Circuit may find that our conclusion was incorrect, or that our method was improper.  Because we find that the other three factors in this case have not been established to be in the Plan Committee's favor, we shall not consider whether the Plan Committee's appeal will be successful.

**B. Likelihood of Irreparable Harm Minus a Stay**

The Plan Committee has not shown that it will suffer irreparable harm if this Court denies to issue a stay of its Order (#30).  While the Plan Committee argues that the appeal will be moot if the U.S. Court of Federal Claims is to rule in GIT's favor regarding post-petition interest, the Plan Committee also claims that GIT's post-petition interest claim is procedurally improper

3

since it was never submitted to the DOE as part of the MK-Ferguson Claim before being included in the action before the U.S. Court of Federal Claims.  If the Plan Committee is correct, the Court of Federal Claims may dismiss GIT's action without granting GIT the relief it seeks.

Even more persuasive to this Court, however, is the issue of whether the Plan Committee has shown that it will suffer irreparable harm absent a stay.  The Plan Committee serves as fiduciary to the Class 7 claimants in the bankruptcy proceeding, and argues that the bankruptcy estate and creditors would suffer irreparable harm.  We disagree.  Our Order (#30) specifically addressed the issue of whether the bankruptcy estate or creditors could be harmed by a ruling that § 502(b)(2) does not apply to non-debtors, and found that it would not.  As GIT points out, GIT's collection action against the DOE would, if anything, benefit the bankruptcy estate rather than harm it.  If the DOE does not pay, GIT may be entitled to make a claim against the estate for the principal amount of its claim.  Therefore, the Plan Committee has not shown that it will suffer irreparable harm if this Court does not issue a stay.

While the Plan Committee's failure to establish this factor is sufficient to deny its Motion (#40) for a stay, we briefly discuss the other factors below.

**C. The Balance of Equities**

Nor has the Plan Committee shown that the balance of equities favors a stay in this case.  The Plan Committee states only that GIT has other avenues of seeking post-petition interest.  The Court

4

finds that the Plan Committee has not shown that the balance of equities is in its favor.

### D. The Public Interest

The Plan Committee argues only that our Order (#30) incorrectly interpreted current jurisprudence involving post-petition interest and therefore could adversely affect many individuals and the adjudication of cases in the federal court system.  In our Order (#30), we discussed several cases in which courts found that post-petition interest may be collected from non-debtor parties.  We disagree with the Plan Committee's characterization of our Order, and do not find that a stay is in the public interest based on the arguments contained in the Plan Committee's Motion (#40).

### IV. Conclusion

The Plan Committee has failed in its burden to establish that its appeal is likely to succeed on the merits, that it is likely to suffer irreparable harm in the absence of a stay, that the balance of equities are in its favor, and that a stay is in the public interest.

**IT IS, THEREFORE, HEREBY ORDERED** that the Plan Committee's Motion (#40) for Stay of Order and Judgment is **DENIED**.

DATED: May 3, 2012.

_____
UNITED STATES DISTRICT JUDGE

5